NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME RODOLFO GARCIA-GOMEZ, AKA Jaime Rodolfo Garcia, | No. 19-72449 |
| Petitioner, | Agency No. A205-316-037 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Jaime Rodolfo Garcia-Gomez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen and terminate or, alternatively, to reopen removal proceedings

and seek removal relief.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of motions to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Garcia-Gomez's motion to reopen and terminate removal proceedings where his contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

The BIA also did not abuse its discretion in denying Garcia-Gomez's timely motion to reopen removal proceedings where Garcia-Gomez has not established new facts that are material to his claim and could not have been timely discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi*, 597 F.3d at 986 (BIA can deny a motion to reopen for "failure to introduce previously unavailable, material evidence").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.